IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:16-cv-00412-D

| | |
|---|---|
| THOMAS SINSEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **STIPULATED** |
| vs. ) | **HIPPA QUALIFIED** |
| ) | **PROTECTIVE ORDER** |
| ) | |
| HITACHI KOKI USA, LTD., ) | |
| ) | |
| Defendant. ) | |

This cause coming to be heard on the motion of Hitachi Koki USA, Ltd., for entry of a Stipulated Qualified Protective Order pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), due notice having been given, and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" ("PHI") pertaining to Thomas Sinsel to the extent and subject to the conditions outlined herein.

2. For purposes of this Qualified Protective Order, "protected health information" or "PHI" shall have the same scope and definition as set forth in 45 CFR 160.103 and 160.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either

   (a) the past, present or future physical condition of an individual;

   (b) the provision of care to an individual; and/or

   (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 CFR 160.13) are hereby authorized to disclose "PHI" pertaining to Thomas Sinsel to all attorneys, now of record, or who may become of record in the future of this litigation.

4. The parties and their attorneys shall be permitted to use the "PHI" of Thomas Sinsel, in any manner reasonably connected with the above-captioned litigation. This includes, but is not limited to, disclosure to the parties, the attorneys' firms (*i.e.*, attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

5. At the conclusion of the litigation as to any defendant (defined as the point at which final orders disposing of the entire case as to any defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any defendant), that defendant, and any person or entity in possession of "PHI" received pursuant to Paragraph 4, supra, shall destroy any and all copies of "PHI" pertaining to Thomas Sinsel, *except*:

   (a) the defendant that is no longer in the litigation may retain "PHI" generated by him/her/it; and

   (b) the remaining defendants in the litigation, and persons or entities receiving "PHI" from those defendants, pursuant to Paragraph 4, supra, may retain "PHI" in their possession.

6. This order shall not control or limit the use of "PHI" pertaining to Thomas Sinsel that comes into the possession of any party, or any party's attorney, from a source *other than* a "covered entity" (as defined in 45 CFR 160.103).

7. Nothing in this Order authorizes defense counsel to obtain medical records or information through means *other than* formal discovery requests, subpoena, depositions, patient authorization, or through attorney-client communications.

8. Nothing in this Order relieves any party from complying with the requirements of:

   (a) the North Carolina Mental Health, Developmental Disabilities, and Substance Abuse Act of 1985 (N.C.G.S. Chapter 122C);

   (b) the North Carolina HIV Confidentiality Law (N.C.G.S. § 130A-143);

   (c) federal law which protects certain drug and alcohol records (42 USC 290dd-3, 290ee-3, and 42 CFR Part 2).

Dated: May 31, 2017

*Robert T. Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge

2